UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GREATER OCEANS, INC.,

                Plaintiff,

          v.

ERIC THORSTENSON, et al.,

                Defendants.

Case No.: 2:20-cv-11340-MEMF-PLAx

**ORDER DENYING MOTION FOR REVIEW OF MAGISTRATE'S RULING ON PLAINTIFF'S MOTION TO COMPEL [ECF NO. 83]**

    Before the Court is the Motion for Review of Magistrate's Ruling on Plaintiff's Motion to Compel filed by Plaintiff Greater Oceans, Inc. For the reasons stated herein, the Court hereby DENIES the Motion for Review.

/ / /

/ / /

1

I.       **Background**

   A.  **Factual Background[1]**

In May 2019, Jeff Hornbaker ("Hornbaker") and Defendant Eric Thorstenson ("Thorstenson") agreed to create a new business venture, Greater Oceans, Inc. dba Third Eye ("Greater Oceans"), aimed at developing and marketing a new water safety platform, as well as other products. SAC ¶ 13. The parties agreed that Hornbaker would contribute his experience and business and retail contacts in the surf and ocean industry, his reputation and fame, creative talents, branding concepts, and product ideas to Greater Oceans. *Id.* They further agreed that Thorstenson would design and engineer various products such as fins, swim goggles, dive masks, and personal safety equipment, as well as utilize his network of trusted suppliers to make examples of the products. *Id.*; Counterclaim ¶¶ 8–9.

Greater Oceans began exploring production of an inflatable safety vest with Capewell Aerial Systems LLC ("Capewell"). Compl. ¶ 16.

From late 2019 to early 2020, Greater Oceans worked with a supplier, Cathay Consolidated, Inc. ("Cathay") to manufacture Greater Oceans' safety vest for Capewell's distribution and other products, including a firm order for 22 "golden samples" (*i.e.*, production-ready) of the vest. *Id.* ¶ 28.

Beginning in approximately February 2020, Greater Oceans and Rock West Composites ("Rock West") began discussing the development of a prototype for a carbon fin blade project. *Id.* ¶ 30.

Beginning in January 2020, Thorstenson began to contact Greater Oceans' existing clients and vendors through his own personal email, and without Hornbaker's knowledge, regarding certain products and trade secrets. *Id.* ¶ 29. In March and April 2020, Thorstenson's private and personal correspondence with Greater Oceans' business contacts, without Hornbaker's knowledge, rapidly increased. *Id.* ¶ 37.

---

[1] Unless otherwise indicated, the following factual background is derived from the Second Amended Complaint and Counterclaim. Second Amended Complaint, ECF No. 67, ("SAC"); Counterclaim Against Greater Oceans, ECF No. 69-1 ("Counterclaim").

On April 8, 2020, Thorstenson ended his business relationship with Greater Oceans. *Id.* ¶ 45. Thorstenson sent Hornbaker an email indicating that he would no longer perform his obligations under the Consultant Agreement, confirming that he had terminated the Consultant Agreement. *Id.* He wrote in his email: "My choice is to no longer be an indebted task master to any one company, unless it's my company, or any one person, unless it's me . . . I am looking out for my best interest these days without having to rely on anyone . . . ." *Id.* Later that day, Thorstenson emailed Rock West from his private account stating he was excited for the fun business opportunity and that the carbon fins fit Rock West's technical wheelhouse. *Id.* ¶ 47.

On April 10, 2020, without Greater Oceans or Hornbaker's authorization or prior knowledge, Thorstenson went into the private business email and computer server of Greater Oceans and downloaded all of Greater Oceans' business and confidential information and documents to his personal computer. *Id.* ¶ 50. This included, but was not limited to, those relating to the trade secrets described herein, proprietary product designs, drawings, proposals, email communications between Greater Oceans and its vendors, suppliers, manufacturers, customers, and valuable business contacts, outlines of technical information relating to the products described herein, strategic marketing plans relating to current and future Greater Oceans' products, and intellectual property owned by and/or assigned to Greater Oceans. *Id.*

After Thorstenson quit Greater Oceans, he continued to work with Capewell, QBAS, and Rock West on products and proposals that were developed during Thorstenson's employment with Greater Oceans. *Id.* ¶ 52.

### B.  Procedural History

On December 15, 2020, Greater Oceans filed a complaint against Thorstenson. *See generally* ECF No. 1. On March 19, 2021, Greater Oceans filed a First Amended Complaint. *See generally* FAC. On April 2, 2021, Thorstenson filed a Motion to Dismiss the First Amended Complaint. ECF No. 18-1. The hearing on the Motion to Dismiss the FAC took place on July 14, 2022. ECF No. 65. During the hearing, Greater Oceans requested that the Court grant leave to amend its FAC. The

Court granted this request on July 22, 2022, and denied the pending motion to dismiss as moot. ECF No. 66.

On August 19, 2022, Greater Oceans filed their SAC, alleging ten causes of action: (1) misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* ("DTSA"); (2) conversion; (3) breach of oral contract; (4) breach of written contract; (5) breach of the duty of loyalty; (6) breach of fiduciary duty; (7) tortious interference with contractual relations; (8) intentional interference with prospective economic advantage; (9) violation of California Business and Professions Code § 17200, *et seq.*; (10) declaratory judgment under CAL. CIV. PROC. CODE. *See generally* SAC.

On September 2, 2022, Thorstenson filed a Counterclaim against Greater Oceans, alleging five causes of action: (1) fraud; (2) negligent misrepresentation; (3) breach of written contract; (4) common count for services performed; and (5) violation of California Business and Professions Code § 17200. *See generally* Counterclaim.

### i.  Discovery Requests

On May 25, 2021, Greater Oceans served a limited set of Requests for Production ("RFPs") on Thorstenson. ECF No. 76 ("Joint Stipulation"), at 6, 22, 37–38. Thorstenson served his responses to the Requests on June 24, 2021. *Id.* at 6, 22, 37–38. These requests and responses included the following:

> **Request No. 11:** All documents relating to agreements, partnerships, relationships, or collaboration with, investments in, sales to or from, or payments sent to or received from Capewell, Cathay, Rock West, QBAS, or ProAsia.

> **Response to Request No. 11:** Defendant incorporates herein by reference each of its foregoing General Objections. Defendant objects to this Plaintiff's Requests to the extent the discovery sought is available to the Plaintiff or is otherwise obtainable from some source that is more convenient, less burdensome, and/or less expensive. Defendant further objects to this Request on the ground that it is overbroad and not limited as to time. Subject to and without waiving its objections, Defendant will produce nonprivileged documents responsive to this request that can be located after a reasonable search.

> **Request No. 12:** All communications sent or received between Thorstenson and Capewell, Cathay, Rock West, QBAS and ProAsia, including all communications with any employees of Capewell, Cathay, Rock West, QBAS, or ProAsia.

**Response to Request No. 12:** Defendant incorporates herein by reference each of its foregoing General Objections. Defendant objects to this Plaintiff's Requests to the extent the discovery sought is available to the Plaintiff or is otherwise obtainable from some source that is more convenient, less burdensome, and/or less expensive. Defendant further objects to this Request on the ground that it is overbroad and not limited as to time. Subject to and without waiving its objections, Defendant will produce nonprivileged documents responsive to this request that can be located after a reasonable search.

**Request No. 14:** All communications discussing, referencing, using in whole or in part, or attaching any Greater Oceans' documents, information, or derivatives thereof.

**Response to Request No. 14:** Defendant incorporates herein by reference each of its foregoing General Objections. Defendant objects to this request on the grounds that the terms "or derivates thereof" and "Greater Oceans' information" are vague, ambiguous, and unintelligible. Defendant objects to this request on the grounds that it is overbroad as it is not limited to any time period or specific company or individual. Subject to and without waiving its objections, and to the extent the relevant and responsive documents are not already in the possession of plaintiff, Defendant will produce non-privileged documents responsive to this request that can be located after a reasonable search.

JS at 6, 22, 37–38.

In response to these requests, Thorstenson also produced documents and e-mails relating to client Rock West, which were as recent as July 20, 2021. Declaration of Tara A. Currie, ECF No. 78 ("Currie Decl.") ¶ 5. At his first deposition on October 18, 2021, Thorstenson testified that he currently had one client—Rock West—under his own company, Ericanwater, LLC. *Id.*, Ex. E at 13:19–15:6.

### ii.   Reopening of Discovery and Discovery Disputes

On April 29, 2022, the Court issued a Scheduling and Case Management Order setting the fact discovery deadline for October 28, 2021. ECF No. 24. On October 13, 2022, pursuant to the parties' stipulation, the Court reopened fact discovery until December 15, 2022, for the limited purpose of propounding five additional Interrogatories and five additional Requests for Production ("RFPs") per side, and conducting three additional hours of deposition, limited to the parties only. ECF Nos. 71, 72. The trial date was continued to February 27, 2023. ECF No. 72.

On October 27, 2022, one year after the initial close of fact discovery (with the exception noted above), Greater Oceans requested that Thorstenson supplement his Initial Disclosures and responses to their written discovery. Joint Stipulation at 1. On November 14, 2022, counsel for Thorstenson notified counsel for Greater Oceans that Thorstenson had no further responsive documents to produce. *Id.* On December 16, 2022, the Court, on its own motion, continued the trial date to April 17, 2023, leaving all other pre-trial dates the same. ECF No. 73.

On December 8, 2022, Greater Oceans conducted Thorstenson's second deposition. Joint Stipulation at 3. Thorstenson testified that he had continued working with Rock West on various products, including products which were initially contemplated while Defendant was working for Greater Oceans, such as carbon fiber fin blades, and pole spears. Currie Decl., Ex. H ("Thorstenson 2nd Dep. Tr."), at 11:6–13:20, 15:2–17:23, 19:10–20. In response to whether Thorstenson would produce e-mails in his possession, custody, or control relating to Rock West and the products he has developed with them, Thorstenson testified that he "can't" produce those. *Id.* at 27:2–17, 29:5–30:25. Thorstenson further admitted that he had "internally" exchanged emails with other regarding the DEMA Trade Show where he displayed the carbon fiber fin blades with Rock West but noted that he would not be able to produce them either. *Id.* at 27:5–7, 24:12–25:16.

### iii.   The Motion to Compel RFP Responses

On January 24, 2023, Greater Oceans filed a Motion to Compel, seeking to compel Thorstenson to provide supplemental documents responsive to its RFPs numbers 11, 12, and 14. ECF No. 77 ("MTC"). On January 31, 2023, the Magistrate Judge ultimately denied the MTC on the basis that the MTC was untimely in light of the Court's Order Setting Scheduling Conference. ECF No. 82 ("MTC Order"), at 2–3.

On February 14, 2023, Greater Oceans filed the instant Motion for Review of Magistrate's Ruling on Plaintiff's Motion to Compel. ECF No. 83 ("Mot." or "Motion"). The Motion was fully briefed on March 17, 2023. ECF Nos. 96 ("Opp'n"); 104 ("Reply"). The Court held oral argument March 29, 2023.

/ / /

## II. **Applicable Law**

### A. **Review of a Magistrate Judge Order**

Under 28 U.S.C. § 636(b)(1)(A), a district judge is allowed to designate a magistrate judge to hear certain pretrial matters. 28 U.S.C. § 636(b)(1)(A). Moreover, Federal Rule of Civil Procedure 72(a) provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy." FED. R. CIV. P. 72(a).

A district judge reviews a party's objections to a magistrate judge order and may reconsider such matters "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). A magistrate's judge decision in nondispositive discovery matters "is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

"[A] district court reviews a magistrate's factual findings for clear error and legal conclusions de novo." *Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir. 1986). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted). When reviewing for clear error, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

### B. **The Court's Case Management Documents**

On March 14, 2022, the Court ordered the parties to submit a current copy of the Schedule of Pretrial and Trial Dates Worksheet—a worksheet attached to the Order Setting Scheduling Conference available on the Court's webpage. ECF No. 57. The Order Setting Scheduling Conference states:

The discovery-cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard, not filed. **In other words, any motion challenging the adequacy of discovery responses must be filed timely, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.**

Order Setting Scheduling Conference ¶ R.

### C. Federal Rule of Civil Procedure 26(e)'s Duty to Supplement

Rule 26(e) provides:

**(e) Supplementing Disclosures and Responses.**

> (1) In General. **A party who has made a disclosure under Rule 26(a)—** or who has responded to an interrogatory, **request for production**, or request for admission—**must supplement or correct its disclosure or response**:
>
>> (A) **in a timely manner** if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> (B) as ordered by the court.

FED. R. CIV. P. 26(e) (bold emphasis added).

### III.    Discussion

Greater Oceans contends that the Court should grant its Motion for Review because (1) the magistrate judge's ruling is inconsistent with Federal Rule of Civil Procedure 26(e) and Ninth Circuit Authority, and (2) the Motion to Compel should succeed on the merits. Mot. at 5–13.

Greater Oceans argues that the Magistrate Judge's ruling is at odds with both Rule 26(e) and Ninth Circuit authority. Mot. at 5–7. That a party has a general duty to supplement its disclosures or responses is undisputed. Whether a party may move to compel a supplement to a discovery response beyond the Court's discovery cutoff, however, is a separate inquiry. Greater Oceans spends its entire motion and its argument at the hearing on this question.

8

But the question before the Court is an entirely distinct one: May a party may label an ordinary motion to compel that should have been brought during the discovery period a "motion to compel supplemental documents" and thereby avoid the Court's Scheduling Order and the limits of the discovery cutoff? The Magistrate Judge concluded that it may not. In his order, the Magistrate Judge stated:

> In the Order Setting Scheduling Conference, the District Judge makes it clear that "[t]he discovery-cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard, not filed. **In other words, any motion challenging the adequacy of discovery responses must be filed timely, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.**" (Order Setting Scheduling Conference ¶ R (emphasis in original)).

> Instead of complying with the District Judge's Order Setting Scheduling Conference, plaintiff waited until a week before the December 15, 2022, re-opened discovery cut-off date to take defendant's second deposition. Thus, plaintiff failed to schedule the subject deposition sufficiently in advance of the discovery cut-off so that any motion practice regarding the deposition could be concluded before the discovery cut-off date.  Nothing in the Motion indicates that this failure was due to anything other than plaintiff not being mindful of the requirements set forth in the District Judge's Order Setting Scheduling Conference, in light of the continued discovery cut-off date suggested by the parties themselves.

> A party's lack of diligence in pursuing discovery during the time frame allocated for such discovery is not a reason to circumvent the District Judge's Order Setting Scheduling Conference. Discovery is a dynamic process, where responses to one set of discovery inevitably lead to the desire for additional information.  The fact that new information may be revealed at the end of the process does not mean that a motion to compel production of additional information may be heard after the discovery cut-off date; rather, in light of any deadlines and requirements imposed by the Court, the timing of discovery must anticipate this eventuality. Plaintiff did not so anticipate here.  Accordingly, the Motion (ECF No. 76) is denied.

MTC Order at 2–3.

Greater Oceans argues that the Motion to Compel was timely brought because the duty to supplement documents pursuant to Rule 26(e) extends beyond the discovery cutoff date. Assuming without deciding that this is generally true—litigants may file a motion to compel a party to supplement discovery responses beyond the discovery deadline imposed by the Court—Greater Oceans has presented no binding authority—Ninth Circuit or otherwise—holding that every

incomplete or incorrect discovery response shall be treated as a violation of the duty to supplement and therefore trigger the ability to file a motion to compel at any time.[2]

As discussed previously, the district court must give significant deference to the Magistrate Judge's conclusions, particularly on nondispositive discovery issues such as the one before the Court. The Court's rules surrounding discovery motions and the deadline by which they were to be brought were clear. As the Magistrate Judge quoted in his Order, the Court's Order Setting Scheduling Conference explicitly stated that "any motion challenging the adequacy of discovery responses must be filed timely, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date." Order Setting Scheduling Conference ¶ R.

---

[2] Greater Oceans cites to a number of non-binding district court cases to support its assertions. However, these cases are unavailing. In some of these cases, the need to compel discovery did not arise until after the close of fact discovery. *See, e.g.*, *Gamevice, Inc. v. Nintendo Co.*, 2019 WL 5565942, at *3 (N.D. Cal. Oct. 29, 2019) (non-moving party produced responsive documents through the end of the discovery deadline and only refused to produce similarly responsive documents of the same type *after* the close of fact discovery); *Reinsdorf v. Skechers U.S.A., Inc.*, 2013 U.S. Dist. LEXIS 200627, at *33–34 (C.D. Cal. Sept. 9, 2013) (noting that moving party did not learn of potentially relevant documents that would undermine accuracy of earlier discovery response until after close of discovery). Here, however, Greater Oceans first discovered the possible existence of responsive documents one week before the limited discovery deadline on December 15, 2022. Rather than move to compel or move to extend that deadline, however, Greater Oceans waited until after this deadline lapsed to file its motion to compel. As a result, this case is distinguishable because the need to compel discovery arose *before* the close of discovery—however, Greater Oceans failed to do so before the deadline. In other cases, the Court did not directly consider whether the duty to supplement documents Rule 26(e) specifically permits a court to hear and decide a motion to compel supplementation beyond the discovery deadline imposed by the Court. *See, e.g.*, *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396–97 (C.D. Cal. Feb. 2, 2022) (concluding that it was "too late" for moving party to seek materials that it failed to describe with "reasonable particularity" while discovery was open and denying the motion to compel); *United States v. Crescendo Bioscience, Inc.*, 2021 U.S. Dist. LEXIS 172298, at *5–6 (N.D. Cal. Sept. 2, 2021) (considering whether N.D. Cal. Local Rule 37-3 applies to motions to enforce the Rule 26(e) supplementation requirement); *Woods v. Google, Inc.*, 2014 U.S. Dist. LEXIS 44894, at *13–14 (N.D. Cal. Mar. 28, 2014) (concluding that the court "does not have enough information to fairly overrule [the non-moving party's] objections . . . , and it is too early to impose on [the non-moving party] an ongoing duty to produce newly developed information"); *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 933 (N.D. Cal. Aug. 23, 2013) (considering instead whether failure to supplement discovery responses was "substantially" justifiable and therefore subject to sanctions); *Switch Commc'ns Grp. v. Ballard*, 2012 WL 2342929, at *6–8 (D. Nev. June 19, 2012) (denying motion to compel supplementation of responses until moving-party supplemented its own responses by describing its alleged trade secrets with reasonable particularity and noting that the parties should "attempt to resolve [issues regarding production] without the need for a further motion to compel").

The Magistrate Judge did *not* find that no motions to compel supplemental documents may be brought after the discovery cutoff. To the contrary, it appears that the Magistrate Judge found that the situation Greater Ocean faced did not implicate whatever power might exist to compel supplemental documents after the discovery cutoff. The Court reaches the same conclusion. The Court therefore finds the Magistrate Judge's ruling to be neither clearly erroneous nor contrary to law.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby DENIES the Motion for Review of Magistrate Judge's Order.

IT IS SO ORDERED.

Dated: March 29, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge